UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

KAREN KINCAID BALMER,

                Plaintiff,

                                    ORDER

     - against -

                                    CV 05-0839 (NG)(MDG)

1716 REALTY LLC,

                Defendant.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Defendant moves to disqualify the firm of Levin & Glasser, P.C. ("L&G") as counsel for plaintiff Karen Kincaid Balmer, the court appointed Receiver for Olympia Mortgage Corp. ("Olympia"), in this action for declaratory judgment. Defendant claims that plaintiff's counsel issued subpoenas to five non-party witnesses without prior notice to defendant's counsel as required by Fed. R. Civ. P. 45(b)(1) and as a result, obtained documents that may be protected by the attorney-client privilege.

## DISCUSSION

    The conduct of attorneys in federal courts is governed by federal law. <u>Grievance Committee for the Southern District of New York v. Simels</u>, 48 F.3d 640, 645 (2d Cir. 1995); <u>Suffolk v. Long Island Lighting Co.</u>, 710 F. Supp. 1407, 1413 (E.D.N.Y. 1989). Courts have the discretion to disqualify attorneys in

order to forestall violation of ethical principles. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 71 (2d Cir. 1990), cert. denied, 505 U.S. 1222 (1992) (citations omitted). Because disqualification impinges on a litigant's right to choose his own counsel, a party seeking to disqualify opposing counsel bears a "heavy burden of proving facts required for disqualification." Evans v. Artek Sys. Corp., 715 F.2d 788, 794 (2d Cir. 1983); Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978); Kubin v. Miller, 801 F. Supp. 1101, 1112 (S.D.N.Y. 1992); Mazurkiewicz v. New York City Transit Auth., 806 F. Supp. 1093, 1093 (S.D.N.Y. 1992). Courts must strictly scrutinize motions to disqualify to prevent use simply for tactical purposes. Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989); First Interregional Advisors Corp. v. Wolff, 956 F. Supp. 480 (S.D.N.Y. 1997). However, because of the "need to maintain the highest standards of the profession" and the "integrity of the adversary process," Evans, 715 F.2d at 792, any "doubts should be resolved in favor of disqualification." Cheng v. GAF Corp., 631 F.2d 1052, 1059 (2d Cir. 1980), judgment vacated on other grounds, 450 U.S. 903 (1981); Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).

Defendant contends that disqualification is required because plaintiff's counsel obtained privileged documents from Aaron Stein, Esq., defendant's former real estate attorney, who promptly responded to the subpoena served on him before defendant had a chance to object. Plaintiff's counsel does not dispute

-2-

that her firm failed to serve prior notice of the subpoenas,[1] but claims this was an "inadvertent mistake" resulting from an associate's failure to serve copies of the subpoenas to defendant's counsel as instructed. In any event, once advised of this error, plaintiff's counsel provided defendant's counsel with copies and an opportunity to object or move to quash the subpoenas by extending the return date from March 2, 2006 to March 17, 2006, a date set at defendant's request. Plaintiff's counsel also agreed not to review any documents received in response to the subpoenas until March 17, 2006.

Defendant responds that "there [is] no way to purge [Ms. Boller's] knowledge of potentially privileged information" she may have seen when she opened the package sent from Mr. Stein. Other than defendant's suspicion that Ms. Boller somehow acquired knowledge of the contents of the documents prior to placing them back in the Federal Express mailer, nothing in the record provides any basis to doubt Ms. Boller's representation that she read only Mr. Stein's cover letter and not any document produced.

More importantly, this Court rejects defendant's assumption that the documents sent by Mr. Stein would necessarily contain

---

[1] See Fed. R. Civ. P. 45(b)(1) ("Prior notice of any commanded production of documents and things ... shall be served on each party in the manner prescribed by Rule 5(b)"); Murphy v. Bd. of Educ. of Rochester School Dist., 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (notice must be given prior to the issuance of the subpoena, not prior to its return date).

privileged information.[2]  Rather, this Court assumes that Mr. Stein is aware of, and would follow, his obligation under the New York Code of Professional Responsibility not to "[r]eveal a confidence or secret of a client."  N.Y. Code of Professional Responsibility DR 4-101(c)(1) (McKinney's 2003).  As plaintiff points out, the instructions attached to the subpoena clearly apprise subpoenaed parties of their right to withhold documents that may be privileged.  On this record, this Court finds no evidence that plaintiff's counsel acquired knowledge of information protected by the attorney-client privilege, even if plaintiff's counsel had looked at the documents.  Accordingly, I find no prejudice meriting the drastic sanction of disqualification.

Defendant also argues that "[t]he appearance of impropriety, by itself, requires the disqualification of plaintiff's counsel," pointing to In re Beiny, 129 A.D.2d 126, 517 N.Y.S.2d 474 (1st Dept. 1987).  In Beiny, a state court disqualified a law firm that reviewed privileged documents obtained through a subpoena issued without proper notice.  There is no question that plaintiff's counsel here served subpoenas before giving notice to defendant and, in fact, initially gave the subpoenaed parties inadequate time to respond.  However, the disqualified law firm in Beiny had also acted in a manner designed to hide the fact

---

[2] Plaintiff questions whether Mr. Stein was actually representing defendant 1716 Realty LLC or plaintiff Olympia Mortgage.  In light of the ruling reached, this Court declines to address the claim on the skimpy record presented.

that documents had been obtained from an adversary's prior counsel and had later used the documents in deposing that adversary. In contrast, plaintiff's counsel acted promptly to rectify their failure to give notice of the subpoenas and agreed not to review the documents produced by Mr. Stein. Unlike <u>Beiny</u>, the failure to give notice was due to mistake rather than deception on the part of counsel in an attempt to gain a tactical advantage.

## CONCLUSION

For the foregoing reasons, defendant's motion to disqualify is denied without prejudice.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 3, 2006

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE