UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KAREN KINCAID BALMER, as Receiver for
Olympia Mortgage Corporation,

                           Plaintiff,

                    - against -

1716 REALTY LLC and 1716 REALTY
CORPORATION,

                          Defendants.

Case No. 05-CV-0839 (NG) (MDG)

**AMENDED COMPLAINT**

      Plaintiff, Karen Kincaid Balmer, Receiver for Olympia Mortgage Corporation, for her Complaint against Defendants 1716 Realty LLC and 1716 Realty Corporation, states as follows:

## Jurisdiction and Venue

      1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states. Additionally, as the Appointing Court for the Receiver, this Court has ancillary jurisdiction over this action to accomplish the ends sought and directed by the suit in which the appointment was made.

      2.    Venue in this District is appropriate as this is the Appointing Court for the Receiver, property at issue is located in this jurisdiction and a, substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## The Parties

      3.    Plaintiff Karen Kincaid Balmer was appointed Receiver for Olympia Mortgage Corporation ("Olympia") by this Court by order dated November 23, 2004, and entered November 30, 2004 in the action entitled Federal National Mortgage Association v.

Olympia Mortgage Corporation and Lieb Pinter, Civil Action No. 04-4971 (NG) (MDG), and is a resident of the City of Ridgefield, Fairfield County, Connecticut.

4. Defendant 1716 Realty LLC ("1716 LLC") is a limited liability company organized under the laws of the State of New York and maintaining its principal place of business at 1716 Coney Island Avenue, Brooklyn, New York.

5. Defendant 1716 Realty Corporation ("1716 Corporation") is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business at 1716 Coney Island Avenue, Brooklyn, New York.

**Factual Background**

6. 1716 Corporation is the legal title holder to a multi-story office building located on 1716 Coney Island Avenue, Brooklyn, New York 11230 (the "Property"). Upon information and belief, the Property is the sole asset owned by 1716 Corporation.

7. Upon information and belief, Sam Pinter is the beneficial owner of 1716 Corporation. Sam Pinter is also one of the principal shareholders of Olympia. As set forth below, prior to the appointment of the Receiver in this action, Pinter used Olympia to exercise complete dominion and control over 1716 Corporation.

8. The building at 1716 Coney Island Avenue was constructed to house the business operations of Olympia, the principal business of which was the origination, servicing and selling of loans secured by residential real estate. Both Olympia and 1716 Corporation use 1716 Coney Island Avenue as their street address.

9. The purchase price for the Property and the construction costs of the building were paid by Olympia, then refinanced through third-party lenders. Olympia .guaranteed the third-party loans. On information and belief, 1716 Corporation paid no funds of its own to finance the purchase price or construction costs.

10. During 2001, 2002 and 2003, Olympia made payments totaling approximately $3 million to finance the construction costs for the building located on the property. The majority of these payments were made to vendors on 1716 Corporation's behalf while others were made directly to 1716 Corporation Corporation. No documentation exists to support the purpose of the latter group of payments within Olympia's records.

11. In addition to construction costs paid by and guarantees given by Olympia, Olympia has paid numerous other obligations of 1716 Corporation, including the New York Corporation Taxes for 1716 Corporation, the real estate taxes on the Property, general liability insurance premiums for the Property and maintenance costs relating to the general upkeep of the Property.

12. Olympia has paid over $3.5 million in principal payments, taxes, maintenance, construction costs and cash disbursements either to 1716 Corporation or for its benefit. Olympia received no consideration nor did Olympia receive any security for these payments. No loan documentation exists.

13. 1716 Corporation has never employed a bookkeeper, secretary or any employee other than its owner (Pinter), has no payroll, and has never owned or leased any office equipment, such as telephone systems or computers. Upon information and belief, 1716 Corporation has little or no liquid assets.

14. All bookkeeping and administrative work was performed by employees of Olympia, including payment of bills, negotiation with vendors, and delivery of supplies.

15. Creditors of 1716 Corporation were told to call Olympia for payment.

16. At no time did 1716 Corporation have sufficient assets, other than funds provided by Olympia or from loans guaranteed by Olympia, to pay the purchase price for the Property, the construction costs of the building or expenses associated with the Property.

17. There are no documents, notes, agreements or contracts memorializing any obligation on the part of 1716 Corporation to repay any amounts paid by Olympia to or for the benefit of 1716 Corporation, although requests have been made to Sam Pinter to produce them if they exist.

18. Upon information and belief, 1716 Corporation has at no time made any payments on the monies advanced by Olympia, nor has it paid any interest on the outstanding balance.

19. On September 7, 2000, 1716 LLC was formed.

20. In 2003, 1716 LLC took over the business of 1716 Corporation by, among other things, collecting rents of tenants of 1716 Coney Island Avenue.

21. 1716 LLC did not, however, obtain title to 1716 Coney Island Avenue.

22. Like 1716 Corporation, 1716 LLC received management services from Olympia without compensation. In addition, 1716 LLC was not capitalized by its owners. Rather, all of 1716 LLC's assets were received from 1716 Corporation, which in turn received them from Olympia.

23. 1716 LLC also shared with Olympia an address at 1716 Coney Island Avenue.

### Defendant's Sham Demands for "Rent"

24. On November 16, 2004, Federal National Mortgage Association commenced the litigation described in paragraph 3 above, naming Olympia and one of its principals as defendants. On November 30, 2004, the Court entered an Order appointing Karen Kincaid Balmer as Receiver for Olympia.

25. Immediately upon the appointment of the Receiver, Defendants – through Sam Pinter – demanded, for the first time, that Olympia pay "rent" to Defendants. The Receiver

through counsel agreed that rent would be paid on a fair market basis. Such agreement was without any disclosure by Sam Pinter of the facts now known about the true relationship of Defendants to Olympia. It is therefore void and unenforceable.

26. Since discovering that Defendants and Olympia were never distinct entities and never had the relationship of landlord and tenant, the Receiver, on behalf of Olympia, has refused Defendants' unjustified "rent" demands, recognizing that the totality of the facts and circumstances establish that Olympia, and not Defendants, should be regarded as the actual owner of the Property.

27. On or about February 8, 2005, Defendants sent a "FIVE DAY NOTICE," in which they demanded payment of $66,666.65 from Olympia. They also threatened to commence summary proceedings against Olympia in the event it failed to make payment by February 14, 2005.

**Count One: Declaratory Judgment**

28. The Receiver hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

29. An actual controversy exists between the parties which this Court's declaratory judgment can resolve.

30. As set forth above, Defendants were wholly capitalized, managed and dominated by Olympia. Defendants were thus alter egos of Olympia.

31. Defendants have asserted that they are Olympia's "landlord," and in such capacity have demanded "rent" payments in cash and threatening to evict Olympia.

32. Under principles of equity, Olympia cannot be a tenant and owe rent to entities that were capitalized, managed and dominated by Olympia, nor should Olympia be forced to pay "rent" on a building which it paid to construct.

33. The corporate form should be pierced and the corporate distinction disregarded where Defendants were merely alter egos of and completely dominated by Olympia.

34. Wherefore, Plaintiff requests that the Court declare that Defendants are alter egos of Olympia or instrumentalities fraudulently employed by certain principals and/or shareholders of Olympia to divert funds and assets from Olympia for their own personal benefit and with no consideration for the diversion. The Receiver further requests that the Court, on the foregoing basis, declare Olympia the legal owner of all assets of Defendants with all rights of ownership, including specifically right, title and interest in the property known as 1716 Coney Island Avenue, Brooklyn, New York 11230; that the Receivership extends to those assets formerly owned by Defendants; that Olympia owes no past or future rent or other amounts to Defendants in connection with its occupancy of the Property; and that Defendants and all others persons claiming interest thereunder are barred from all claims to legal estate or interest in the premises and Olympia Mortgage Corporation is entitled to sole and complete possession of the premises as the legal and equitable owner, subject only to those leases currently and legally executed by any proper tenant in the Property.

## Count Two: Unjust Enrichment

35. The Receiver hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

36. As set forth above, Olympia has conferred upon Defendants numerous benefits, including payment for construction and maintenance costs, cash disbursements for the operations of Defendants, and employee time for bookkeeping, payroll, and accounts payable.

37. Defendants not repaid Olympia or compensated it for the benefits Olympia has conferred.

38. There exist no notes, agreements or contracts memorializing an obligation

on the part of Defendants to repay the debts incurred by Olympia for the benefit of Defendants.

39. There exists no documentation evidencing an agreement to pay interest to Olympia on the amounts paid by Olympia on behalf of Defendants.

40. Defendants have benefited from payments by Olympia on its behalf.

41. Defendants should not be permitted to retain all of these benefits under principles of equity and good conscience.

42. As an alternative to Count I (Declaratory Judgment), Plaintiff is entitled to judgment against Defendants equal to that of the unjust enrichment in an amount to be proven at trial, and to have any obligations which may be due Defendants offset by the amount of the judgment.

## Count Three: Monies Paid and Received

43. The Receiver hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

44. Upon information and belief, Defendants received benefits in the form of cash payments from Olympia, as well as services rendered by third parties that were paid by Olympia.

45. Olympia has been unable to recover all of those funds and payments.

46. Under principles of equity and good conscience, Defendants should not be permitted to retain all of those funds and benefits of services by third parties.

47. As an alternative to Count I (Declaratory Judgment), Olympia requests that this Court compel repayment of monies paid and received in an amount to be determined at trial and to have any obligations which may be due Defendants offset by the amount of the judgment.

## Count Four: Accounting

48. Receiver hereby repeats and incorporates the aforementioned allegations as if fully set forth herein.

49. Upon information and belief, Defendants received as owner of the Property some amount of rental income from tenants in the Property.

50. As the alter ego to Defendants, Olympia was entitled to receive those proceeds.

51. Defendants have also received numerous payments from Olympia, for which Olympia's files contain no documentation for the basis of these payments.

52. As affiliates and alter egos of Olympia, Defendants owed a fiduciary duty to Olympia.

53. Defendants are unwilling to provide to Olympia information as to the monies received by Defendants.

54. Receiver requests that this Court compel a complete and thorough accounting of Defendants.

## **Prayer for Relief**

WHEREFORE, Plaintiff Karen Kincaid Balmer, Receiver for Olympia, prays that the Court grant declaratory judgment and legal and equitable relief as proper, for Defendants' unlawful conduct, as follows:

1. Declaratory judgment that Defendants are alter egos of Olympia or an instrumentality fraudulently employed by certain principals and/or shareholders of Olympia to divert funds and assets from Olympia for their own personal benefit and with no consideration for the diversion. The Receiver further requests that the Court, on the foregoing basis, declare

       Olympia the legal owner of all assets of Defendants with all rights of ownership, including specifically right, title and interest in the property known as 1716 Coney Island Avenue, Brooklyn, New York 11230; that the Receivership extends to those assets formerly owned by Defendants; that Olympia owes no past or future rent or other amounts to Defendants in connection with its occupancy of the Property; and that Defendants and all others persons claiming interest thereunder are barred from all claims to legal estate or interest in the premises and Olympia Mortgage Corporation is entitled to sole and complete possession of the premises as the legal and equitable owner, subject only to those leases currently and legally executed by any proper tenant in the Property;

2. In the alternative, monetary damages, including repayment of principal and interest, resulting from Defendants' unjust enrichment, in an amount to be proven at trial and to have any obligations which may be due Defendants offset by the amount of the judgment;

3. In the alternative, monetary damages, including interest for monies paid and received, in an amount to be proven at trial and to have any obligations which may be due Defendatns offset by the amount of the judgment;

4. An accounting of Defendants; and

5. Attorney's fees, costs, and interest, as allowed by law; and such other and further relief as the Court may deem proper.

Dated: New York, New York
January 30, 2007

                                              LAW OFFICES OF ERIC J. GRANNIS

                                              By: _____
                                                  Eric J. Grannis (EG8403)
                                            620 Fifth Avenue
                                            New York, New York 10020
                                            (212) 903-1025

                                            Attorneys for Plaintiff Karen Kincaid
                                            Balmer, as Receiver for Olympia Mortgage
                                            Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon all counsel of record as follows:

> Giacchino J. Russo, Esq.
> 50 Main Street, Suite 1000
> White Plains, New York 10606
> *Counsel for Defendants 1716 Realty LLC*
> *and 1716 Realty Corporation*

Dated: New York, New York
       January 30, 2007

LAW OFFICES OF ERIC J. GRANNIS

By: *[signature: Eric Grannis]*

Eric J. Grannis (EG 8403)
620 Fifth Avenue
New York, New York 10020
(212) 903-1025